## **<u>GENERAL RELEASE AND SETTLEMENT AGREEMENT</u>**

THIS GENERAL RELEASE AND SETTLEMENT AGREEMENT (hereinafter referred to as "Release") is made and entered into by MARCY BEATTY ("Beatty") and DEBORAH LITTLE, Administrator of the Estate of KENNETH VINYARD, deceased ("Estate"), with Beatty and Estate hereinafter referred to collectively as "Plaintiffs", in memorialization of the settlement agreement reached by Plaintiffs with JOHN HAWK and CENTER TOWNSHIP, a township of the second class located in Beaver County, Pennsylvania (hereinafter referred to collectively as "Defendants"), provides as follows:

WHEREAS, Plaintiff Beatty has presented civil claims against Defendant John Hawk for money damages on her own behalf arising from an incident which occurred on or about November 6, 2022 in the parking lot of the Walmart Store in Monaca, Pennsylvania, allegedly resulting in the death of Plaintiff's fiancé, Kenneth Vinyard, which is the subject of a civil action Plaintiff Beatty initiated by writ of summons filed in the Court of Common Pleas of Beaver County at Docket No: 11498-2022, captioned *Marcy Beatty v. John Hawk* (hereinafter referred to as the "Beatty Lawsuit"), and;

WHEREAS, Plaintiff Estate has presented civil claims against both Defendants for money damages arising from the death of Kenneth Vinyard, allegedly caused by the same incident which occurred on or about November 6, 2022, as more fully described in a Complaint filed by Plaintiff Estate in the United States District Court for the Western District of Pennsylvania at Docket No: 2:23-cv-00075, captioned *DEBORAH LITTLE, as Administrator of the Estate of KENNETH VINYARD, Plaintiff v. CENTER TOWNSHIP, a municipal corporation, and JOHN HAWK, in his individual capacity,* (hereinafter referred to as the "Estate Lawsuit"), and;

WHEREAS, Plaintiff Beatty and Plaintiff Estate, having contended that their combined claims exceed the One Million Dollars of liability insurance coverage available to Defendants, have nevertheless agreed to an apportionment of the available insurance proceeds between them in order to achieve an amicable resolution of all their clams, and;

WHEREAS, Defendants have denied and continue to deny any liability, wrongdoing or unconstitutional conduct with respect to any interest of the Plaintiffs, the Estate's decedent or any others referenced in the Beatty Lawsuit or the Estate Lawsuit, and;

WHEREAS, Plaintiffs and Defendants, mutually desiring to avoid the risks, expenses and distractions of a protracted litigation process, now desire to compromise and settle any and all disputes among them raised in both the Beatty Lawsuit and the Estate Lawsuit, including such matters among them that might have been raised, that could be raised, that could have been raised, or that could be raised in the future with respect to the subject matter of either or both of the Lawsuits;

NOW THEREFORE, with the foregoing background being incorporated herein by reference, and made part hereof, Plaintiffs do hereby covenant and agree as follows:

## 1.     Cash Consideration

Plaintiffs shall receive cash consideration in the gross total sum of One Million Dollars ($1,000,000.00) to be paid by Greenwich Insurance Company, the law enforcement liability insurance carrier for Center Township. Payments to each of the Plaintiffs from this total gross sum shall be in the following amounts:

- One check in the amount of Fifty Thousand Dollars ($50,000.00) made payable jointly to "Marcy Beatty and Law Offices of Joel Sansone";

- One check in the amount of Nine Hundred Fifty Thousand Dollars ($950,000.00) made payable jointly to "The Estate of Kenneth Vinyard and Law Offices of Joel Sansone".

These payments shall be reported to the Internal Revenue Service on Forms 1099. Both checks shall be delivered to The Law Offices of Joel Sansone within two weeks after all of the following items have been delivered to counsel for Defendants:

(a) this Release bearing the original, notarized signatures of both Plaintiffs;

(b) completed Forms W-9 for both Plaintiffs and for Plaintiffs' attorney;

(c) a court order entered by an appropriate court approving on behalf of the Estate of Kenneth Vinyard this settlement of the Plaintiffs' claims.

## 2.     General Release of All Claims

In consideration for the mutual covenants contained in this Release, Plaintiff Beatty does for herself, her heirs, beneficiaries, assigns, creditors, and all persons who are claiming or could claim through her, and Plaintiff Estate does on behalf of the Estate of Kenneth Vinyard, including its heirs, beneficiaries, legatees, remaindermen, successors, assigns, trustees, principals, executors, administrators, and all persons who are claiming or could claim through the Estate of Kenneth Vinyard, remise, release, and forever discharge John Hawk, Center Township, its affiliated departments, and their past, present and future elected officials, appointed officers, directors, employees, managers, administrators, secretaries, volunteers, attorneys, agents, servants, representatives, predecessors and successors-in-interest, assigns, insurers, contractors, Greenwich Insurance Company, and any and all other persons, firms, entities or corporations with whom any

of the former have been, are now, or may hereafter be affiliated (hereinafter collectively referred to as "Releasees"), together with any and all other persons, firms, entities or corporations, of and from any and all past and present claims, demands, obligations, actions, causes of action, liens, rights, damages, costs, expenses, costs of suit, attorney fees and compensation of any nature whatsoever, whether based on a contract or agreement, a federal or state statute, the Constitutions of the United States or the Commonwealth of Pennsylvania, a local ordinance, common law, or any other legal basis, and whether for compensatory damages, punitive damages, equitable relief, attorney fees or costs, or other type of damages or relief, which the said Plaintiffs now have, or which may hereafter accrue or otherwise be acquired, on account of, or in any way growing out of Plaintiffs' alleged damages and injuries which are the subjects of the Beatty Lawsuit and the Estate Lawsuit, including but not limited to any and all known or unknown claims for personal injuries, business losses and/or other economic losses to Plaintiffs and/or violations of any state or federal constitutional or statutorily protected rights, and the consequences thereof, which have resulted or may result from any alleged negligent, intentional and/or unintentional acts or omissions of the Defendants or of any other persons described or which could have been described in the Lawsuit. This Release, on the part of the Plaintiffs, shall be a fully binding and complete settlement between the Plaintiffs and Defendants, and further releases all claims of Plaintiffs for counsel fees and costs. It is the intention of the Plaintiffs that this Release constitutes a general release of any and all past and present claims, demands, disputes, obligations or actions, known or unknown, between the Plaintiffs and the Releasees and any other persons relating to those matters, claims, allegations, causes of action or averments that were raised and set forth in the Beatty Lawsuit and the Estate Lawsuit or that could have been raised and set forth either of the Lawsuits.

### 3. **Non-Admission**

The parties agree that by entering into this settlement, the Defendants do not admit to any facts, nor to any liability or responsibility of any kind or character, on their own part or on the part of any other person who might have been sued in the Lawsuit or released from liability by this Release, and the Defendants specifically deny that they violated any duty owed under any federal, state, local, or municipal law, or any provision of the Constitution.

### 4. **Assumption of Risks Related to Taxation**

It is understood that the payment being issued by the Greenwich Insurance Company, as set forth at Paragraph 1 hereof, shall be reported to the Internal Revenue Service on Form(s) 1099, and that Plaintiffs are solely responsible for any tax liabilities and consequences that may result from Plaintiffs' receipt of money under this Release. Plaintiffs agree that the Defendants and their insurance carrier shall bear absolutely no responsibility for tax liabilities or the consequences thereof. Further, Plaintiffs agree that the Releasees shall not be required to pay any further sums to them, or to any other person or entity on their behalf, if for any reason the tax liabilities and consequences to Plaintiffs are ultimately assessed in a fashion that Plaintiffs do not presently

anticipate. Plaintiffs specifically agree that neither the Township, the Releasees, nor their attorneys have made any representations or given advice concerning any tax consequences of this settlement.

### 5. Plaintiffs' Declaration of No Liens

As material consideration for payment of the settlement fund identified in paragraph 1 hereof, Plaintiffs represent and covenant that, to the best of their knowledge, information and belief, no lien is asserted against the said settlement funds by any person or entity which is not a party to this settlement agreement. Each Plaintiff hereby covenants that she shall pay in full from her respective settlement fund any and all liens, debts and expenses owed by her or to be incurred in the future on her behalf.

### 6. Plaintiffs' Warranty of Capacity to Execute Agreement

Plaintiff Deborah Little represents and warrants that she is the lawfully appointed Administrator of the Estate of Kenneth Vinyard and is lawfully authorized to bind the said Estate to the terms of this Release and that no other person is required to execute this document in order for it to be binding upon the said Estate. Both Plaintiffs represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations, or causes of action referred to in this Release; that Plaintiffs have the sole and exclusive right to receive the respective sums specified in this Release; and that Plaintiffs have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Release.

### 7. Motion for Court Approval

Plaintiff Estate, acting through the attorney of her choosing, shall present to a court of competent jurisdiction a motion pursuant to 20 Pa.C.S. § 3323 seeking entry of a court order approving the settlement on behalf of the Estate of Kenneth Vinyard and authorizing Plaintiff to execute this Release.

### 8. Dismissal of Both Lawsuits and All Other Pending Claims

Upon receipt of the funds constituting consideration for this Release, Plaintiffs shall direct their attorney of record to prepare and file with both courts the paperwork necessary to accomplish prompt discontinuance and dismissal of both the Beatty Lawsuit and the Estate Lawsuit, with prejudice. Each Plaintiff represents that she has filed no other civil claims against either of the Defendants which are pending with any administrative agency or court based on the subject matter of the two Lawsuits.

### 9. <u>Entire Agreement</u>

Plaintiffs represent that, in executing this Release, they have not relied upon any oral representation or statement made by the Defendants or any of their agents, representatives, or attorneys with regard to the legal construction, impact or effect of this Release. This Release contains and constitutes the entire understanding and agreement among the parties hereto respecting the subject matter hereof and supersedes and cancels all previous negotiations, representations, agreements, commitments, and writings in connection herewith. The Plaintiffs expressly acknowledge that, in entering into this Release, they have had the opportunity to consult with counsel of their choice, that they have not relied upon any representation made by or on behalf of the Defendants not contained herein, and that any such representations are not enforceable except to the extent set forth in this Release.

### 10. <u>No Oral Modifications</u>

This Release may not be modified in any way except by a signed writing specifically referring to this Release and executed by duly authorized representatives of both Plaintiffs and both Defendants.

### 11. <u>Choice of Law and Choice of Forum</u>

This Release has been negotiated and executed in the Commonwealth of Pennsylvania, and said document shall be construed and interpreted in accordance with its laws. Jurisdiction may be retained by the United States District Court for the Western District of Pennsylvania to resolve any disputes involving the interpretation of this Release or any claims that the covenants contained herein have been breached. In the event that the United States District Court for the Western District of Pennsylvania should decline to exercise jurisdiction over any claim or dispute arising from this Release or the settlement agreement which it memorializes, then any action seeking enforcement or relief under the terms of this release may seek relief by commencing a civil action in the Court of Common Pleas of Beaver County, Pennsylvania.

Plaintiffs, having read this Settlement Agreement and General Release and intending to be legally bound by it, have caused this Settlement Agreement and General Release to be executed as of the date listed below.

I HAVE READ THIS AGREEMENT FULLY, UNDERSTAND ALL OF ITS TERMS, AND ENTER IT THROUGH THE EXERCISE OF MY OWN FREE WILL.

**CAUTION: READ BEFORE SIGNING. THIS IS A RELEASE OF LEGAL CLAIMS**

_____   __4/20/23__
**DEBORAH LITTLE, Administrator**    Date

Sworn to and subscribed before me this

_20_ day of _April_, 2023.

_____
Notary Public

My Commission Expires: _May 3, 2026_

[Notary seal: TRENT HORNE, NOTARY PUBLIC, MUSCOGEE COUNTY, GA, EXP MAY 3, 2026]

_____   _____
**MARCY BEATTY, Plaintiff**         Date

Sworn to and subscribed before me this

_____ day of _____, 2023.

_____
Notary Public

My Commission Expires: _____

LEGAL/152938729.v1

## **GENERAL RELEASE AND SETTLEMENT AGREEMENT**

THIS GENERAL RELEASE AND SETTLEMENT AGREEMENT (hereinafter referred to as "Release") is made and entered into by MARCY BEATTY ("Beatty") and DEBORAH LITTLE, Administrator of the Estate of KENNETH VINYARD, deceased ("Estate"), with Beatty and Estate hereinafter referred to collectively as "Plaintiffs", in memorialization of the settlement agreement reached by Plaintiffs with JOHN HAWK and CENTER TOWNSHIP, a township of the second class located in Beaver County, Pennsylvania (hereinafter referred to collectively as "Defendants"), provides as follows:

WHEREAS, Plaintiff Beatty has presented civil claims against Defendant John Hawk for money damages on her own behalf arising from an incident which occurred on or about November 6, 2022 in the parking lot of the Walmart Store in Monaca, Pennsylvania, allegedly resulting in the death of Plaintiff's fiancé, Kenneth Vinyard, which is the subject of a civil action Plaintiff Beatty initiated by writ of summons filed in the Court of Common Pleas of Beaver County at Docket No: 11498-2022, captioned *Marcy Beatty v. John Hawk* (hereinafter referred to as the "Beatty Lawsuit"), and;

WHEREAS, Plaintiff Estate has presented civil claims against both Defendants for money damages arising from the death of Kenneth Vinyard, allegedly caused by the same incident which occurred on or about November 6, 2022, as more fully described in a Complaint filed by Plaintiff Estate in the United States District Court for the Western District of Pennsylvania at Docket No: 2:23-cv-00075, captioned *DEBORAH LITTLE, as Administrator of the Estate of KENNETH VINYARD, Plaintiff v. CENTER TOWNSHIP, a municipal corporation, and JOHN HAWK, in his individual capacity,* (hereinafter referred to as the "Estate Lawsuit"), and;

WHEREAS, Plaintiff Beatty and Plaintiff Estate, having contended that their combined claims exceed the One Million Dollars of liability insurance coverage available to Defendants, have nevertheless agreed to an apportionment of the available insurance proceeds between them in order to achieve an amicable resolution of all their claims, and;

WHEREAS, Defendants have denied and continue to deny any liability, wrongdoing or unconstitutional conduct with respect to any interest of the Plaintiffs, the Estate's decedent or any others referenced in the Beatty Lawsuit or the Estate Lawsuit, and;

WHEREAS, Plaintiffs and Defendants, mutually desiring to avoid the risks, expenses and distractions of a protracted litigation process, now desire to compromise and settle any and all disputes among them raised in both the Beatty Lawsuit and the Estate Lawsuit, including such matters among them that might have been raised, that could be raised, that could have been raised, or that could be raised in the future with respect to the subject matter of either or both of the Lawsuits;

NOW THEREFORE, with the foregoing background being incorporated herein by reference, and made part hereof, Plaintiffs do hereby covenant and agree as follows:

1. **Cash Consideration**

Plaintiffs shall receive cash consideration in the gross total sum of One Million Dollars ($1,000,000.00) to be paid by Greenwich Insurance Company, the law enforcement liability insurance carrier for Center Township. Payments to each of the Plaintiffs from this total gross sum shall be in the following amounts:

- One check in the amount of Fifty Thousand Dollars ($50,000.00) made payable jointly to "Marcy Beatty and Law Offices of Joel Sansone";

- One check in the amount of Nine Hundred Fifty Thousand Dollars ($950,000.00) made payable jointly to "The Estate of Kenneth Vinyard and Law Offices of Joel Sansone".

These payments shall be reported to the Internal Revenue Service on Forms 1099. Both checks shall be delivered to The Law Offices of Joel Sansone within two weeks after all of the following items have been delivered to counsel for Defendants:

(a) this Release bearing the original, notarized signatures of both Plaintiffs;

(b) completed Forms W-9 for both Plaintiffs and for Plaintiffs' attorney;

(c) a court order entered by an appropriate court approving on behalf of the Estate of Kenneth Vinyard this settlement of the Plaintiffs' claims.

2. **General Release of All Claims**

In consideration for the mutual covenants contained in this Release, Plaintiff Beatty does for herself, her heirs, beneficiaries, assigns, creditors, and all persons who are claiming or could claim through her, and Plaintiff Estate does on behalf of the Estate of Kenneth Vinyard, including its heirs, beneficiaries, legatees, remaindermen, successors, assigns, trustees, principals, executors, administrators, and all persons who are claiming or could claim through the Estate of Kenneth Vinyard, remise, release, and forever discharge John Hawk, Center Township, its affiliated departments, and their past, present and future elected officials, appointed officers, directors, employees, managers, administrators, secretaries, volunteers, attorneys, agents, servants, representatives, predecessors and successors-in-interest, assigns, insurers, contractors, Greenwich Insurance Company, and any and all other persons, firms, entities or corporations with whom any

of the former have been, are now, or may hereafter be affiliated (hereinafter collectively referred to as "Releasees"), together with any and all other persons, firms, entities or corporations, of and from any and all past and present claims, demands, obligations, actions, causes of action, liens, rights, damages, costs, expenses, costs of suit, attorney fees and compensation of any nature whatsoever, whether based on a contract or agreement, a federal or state statute, the Constitutions of the United States or the Commonwealth of Pennsylvania, a local ordinance, common law, or any other legal basis, and whether for compensatory damages, punitive damages, equitable relief, attorney fees or costs, or other type of damages or relief, which the said Plaintiffs now have, or which may hereafter accrue or otherwise be acquired, on account of, or in any way growing out of Plaintiffs' alleged damages and injuries which are the subjects of the Beatty Lawsuit and the Estate Lawsuit, including but not limited to any and all known or unknown claims for personal injuries, business losses and/or other economic losses to Plaintiffs and/or violations of any state or federal constitutional or statutorily protected rights, and the consequences thereof, which have resulted or may result from any alleged negligent, intentional and/or unintentional acts or omissions of the Defendants or of any other persons described or which could have been described in the Lawsuit. This Release, on the part of the Plaintiffs, shall be a fully binding and complete settlement between the Plaintiffs and Defendants, and further releases all claims of Plaintiffs for counsel fees and costs. It is the intention of the Plaintiffs that this Release constitutes a general release of any and all past and present claims, demands, disputes, obligations or actions, known or unknown, between the Plaintiffs and the Releasees and any other persons relating to those matters, claims, allegations, causes of action or averments that were raised and set forth in the Beatty Lawsuit and the Estate Lawsuit or that could have been raised and set forth either of the Lawsuits.

### 3. Non-Admission

The parties agree that by entering into this settlement, the Defendants do not admit to any facts, nor to any liability or responsibility of any kind or character, on their own part or on the part of any other person who might have been sued in the Lawsuit or released from liability by this Release, and the Defendants specifically deny that they violated any duty owed under any federal, state, local, or municipal law, or any provision of the Constitution.

### 4. Assumption of Risks Related to Taxation

It is understood that the payment being issued by the Greenwich Insurance Company, as set forth at Paragraph 1 hereof, shall be reported to the Internal Revenue Service on Form(s) 1099, and that Plaintiffs are solely responsible for any tax liabilities and consequences that may result from Plaintiffs' receipt of money under this Release. Plaintiffs agree that the Defendants and their insurance carrier shall bear absolutely no responsibility for tax liabilities or the consequences thereof. Further, Plaintiffs agree that the Releasees shall not be required to pay any further sums to them, or to any other person or entity on their behalf, if for any reason the tax liabilities and consequences to Plaintiffs are ultimately assessed in a fashion that Plaintiffs do not presently

anticipate. Plaintiffs specifically agree that neither the Township, the Releasees, nor their attorneys have made any representations or given advice concerning any tax consequences of this settlement.

5. **Plaintiffs' Declaration of No Liens**

As material consideration for payment of the settlement fund identified in paragraph 1 hereof, Plaintiffs represent and covenant that, to the best of their knowledge, information and belief, no lien is asserted against the said settlement funds by any person or entity which is not a party to this settlement agreement. Each Plaintiff hereby covenants that she shall pay in full from her respective settlement fund any and all liens, debts and expenses owed by her or to be incurred in the future on her behalf.

6. **Plaintiffs' Warranty of Capacity to Execute Agreement**

Plaintiff Deborah Little represents and warrants that she is the lawfully appointed Administrator of the Estate of Kenneth Vinyard and is lawfully authorized to bind the said Estate to the terms of this Release and that no other person is required to execute this document in order for it to be binding upon the said Estate. Both Plaintiffs represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations, or causes of action referred to in this Release; that Plaintiffs have the sole and exclusive right to receive the respective sums specified in this Release; and that Plaintiffs have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Release.

7. **Motion for Court Approval**

Plaintiff Estate, acting through the attorney of her choosing, shall present to a court of competent jurisdiction a motion pursuant to 20 Pa.C.S. § 3323 seeking entry of a court order approving the settlement on behalf of the Estate of Kenneth Vinyard and authorizing Plaintiff to execute this Release.

8. **Dismissal of Both Lawsuits and All Other Pending Claims**

Upon receipt of the funds constituting consideration for this Release, Plaintiffs shall direct their attorney of record to prepare and file with both courts the paperwork necessary to accomplish prompt discontinuance and dismissal of both the Beatty Lawsuit and the Estate Lawsuit, with prejudice. Each Plaintiff represents that she has filed no other civil claims against either of the Defendants which are pending with any administrative agency or court based on the subject matter of the two Lawsuits.

## 9. Entire Agreement

Plaintiffs represent that, in executing this Release, they have not relied upon any oral representation or statement made by the Defendants or any of their agents, representatives, or attorneys with regard to the legal construction, impact or effect of this Release. This Release contains and constitutes the entire understanding and agreement among the parties hereto respecting the subject matter hereof and supersedes and cancels all previous negotiations, representations, agreements, commitments, and writings in connection herewith. The Plaintiffs expressly acknowledge that, in entering into this Release, they have had the opportunity to consult with counsel of their choice, that they have not relied upon any representation made by or on behalf of the Defendants not contained herein, and that any such representations are not enforceable except to the extent set forth in this Release.

## 10. No Oral Modifications

This Release may not be modified in any way except by a signed writing specifically referring to this Release and executed by duly authorized representatives of both Plaintiffs and both Defendants.

## 11. Choice of Law and Choice of Forum

This Release has been negotiated and executed in the Commonwealth of Pennsylvania, and said document shall be construed and interpreted in accordance with its laws. Jurisdiction may be retained by the United States District Court for the Western District of Pennsylvania to resolve any disputes involving the interpretation of this Release or any claims that the covenants contained herein have been breached. In the event that the United States District Court for the Western District of Pennsylvania should decline to exercise jurisdiction over any claim or dispute arising from this Release or the settlement agreement which it memorializes, then any action seeking enforcement or relief under the terms of this release may seek relief by commencing a civil action in the Court of Common Pleas of Beaver County, Pennsylvania.

Plaintiffs, having read this Settlement Agreement and General Release and intending to be legally bound by it, have caused this Settlement Agreement and General Release to be executed as of the date listed below.

I HAVE READ THIS AGREEMENT FULLY, UNDERSTAND ALL OF ITS TERMS, AND ENTER IT THROUGH THE EXERCISE OF MY OWN FREE WILL.

CAUTION: READ BEFORE SIGNING. THIS IS A RELEASE OF LEGAL CLAIMS

_____        _____
**DEBORAH LITTLE, Administrator**        **Date**

Sworn to and subscribed before me this

_/_ day of _____, 2023.


_____
Notary Public

My Commission Expires: _____



_~~Marcy J Beatty~~_____        _4/18/2023_____
**MARCY BEATTY, Plaintiff**        **Date**

Sworn to and subscribed before me this

_18_ day of _APRIL_____, 2023.


_Charlotte A Shanor_
Notary Public

My Commission Expires: _June 19, 2024_

> Commonwealth of Pennsylvania - Notary Seal
> Charlotte A. Shanor, Notary Public
> Beaver County
> My commission expires June 19, 2024
> Commission number 1149885
> Member, Pennsylvania Association of Notaries

LEGAL/152938729.v1

Page 6 of 6